

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-31-2002

# Amadeo v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-4249

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Amadeo v. Comm Social Security" (2002). *2002 Decisions.* Paper 695.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/695

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

—————————

No: 01-4249

—————————

SALVATORE AMADEO,

Appellant
v.

COMMISSIONER OF SOCIAL SECURITY

———————————

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 99-cv-04073)
District Judge: John W. Bissell, Chief Judge

———————————————

Submitted Under Third Circuit LAR 34.1(a)
on July 29, 2002

Before: BECKER, Chief Judge, ROTH
AND RENDELL, Circuit Judges

(Opinion filed: October 31, 2002)

—————————

ROTH, Circuit Judge:

Salvatore Amadeo appeals from a final order of judgment of the United States District Court for the District of New Jersey. Amadeo challenges the District Court's affirmance of the Social Security Commissioner's decision to deny him Social Security benefits. As the basis of his appeal, Amadeo contends that there is insufficient evidence to uphold the ALJ's holding that Amadeo could perform light work.

The District Court had jurisdiction pursuant to 42 U.S.C. § 405(g). We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. Our review is limited to determining whether there is substantial evidence to support the Commissioner's decision. *See* 42 U.S.C. §405(g) and *Plummer v. Apfel*, 186 F. 3d 422, 427 (3d Cir. 1999). Substantial evidence has been defined as more than a mere scintilla but less than a preponderance of evidence. It means such relevant evidence as a reasonable mind might accept as adequate. *Id. citing Richardson v. Perales*, 402 U.S. 389, 401 (1971). We find that the Commissioner's decision was supported by substantial evidence.

In determining such a claim for Disability Insurance Benefits, the Commissioner follows a five-step analysis. *See* 20 C.F.R. § 404.1520. In doing so, the Commissioner considers: (1) whether the claimant is engaging in substantial gainful activity, (2) whether the claimant is suffering from a severe impairment, (3) whether the claimant's impairment meets or equals the requirements of a listed impairment, (4) whether the claimant has the

2

inability to return to his past work, and (5) if not, whether the claimant can perform any other work available in the national economy. *See* 20 C.F.R. § 404.1520 (a)-(f).

Amadeo argues that the ALJ, in following this five-step process, failed to recite sufficient indications of his rejection of appellant's claim as required by the Cotter Doctrine. *See Cotter v. Harris*, 642 F. 2d 700, 705 (3d Cir. 1981) ("We need from the ALJ not only an expression of the evidence s/he considered which supports the result, but also some indication of the evidence which was rejected"). Amadeo specifically argues that the ALJ did not give the proper weight to the evidence of Amadeo's psychologist and that the ALJ erroneous failed to consider Amadeo's subjective complaints.

An ALJ, however, in reviewing the evidence presented, need not give controlling weight to a medical opinion unless it 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record.'" *Cotter v. Harris*, 642 F. 2d 700, 704 (3d Cir. 1981); *see also Fargnoli v. Halter*, 247 F. 3d 34, 43 (3d Cir. 2001); *Plummer v. Apfel*, 186 F. 3d 422, 429 (3d Cir. 1999). We find that the ALJ properly explained his decision based on the substantial evidence found.

Amadeo also contends that the ALJ erroneously rejected his subjective complaints. However, subjective complaints must be supported by some objective medical evidence. See 20 C.F.R. § 404.1529(a); *Hartranft v. Apfel*, 181 F.3d 358, 362 (3d Cir. 1999). Here, the ALJ determined that the record failed to support Amadeo's allegations that obstructive pulmonary disease prevented all substantial gainful activity on or before December 31,

3

1990.  From our review of the record for substantial evidence to support this determination, we conclude that the ALJ met his duty as a fact-finder.

For the foregoing reasons, we will affirm the judgment of the District Court.

TO THE CLERK:

Please file the foregoing Opinion.

By the Court,

    /s/ Jane R. Roth
Circuit Judge